IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01946-BNB

EDWARD E. HUDSON,

    Plaintiff,

v.

DEPUTY SHERIFF KLINE,
DEPUTY SHERIFF JOHN DOE,
DENVER SHERIFFS [sic] DEPARTMENT, and
THE CITY AND COUNTY OF DENVER,

    Defendants.




FILED
UNITED STATES DISTRICT COURT
COLORADO

DEC 14 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Edward E. Hudson is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Limon, Colorado, correctional facility. Mr. Hudson has submitted to the Court *pro se* a complaint for money damages pursuant to 42 U.S.C. §§ 1983 and 1985 (2003), and 28 U.S.C. § 1343 (1993). He alleges that his rights under the Eighth Amendment to the United States Constitution have been violated. Mr. Hudson has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2006).

The Court must construe the complaint liberally because Mr. Hudson is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hudson will be ordered to file an amended complaint.

Mr. Hudson alleges that on May 26, 2004, while he was a pretrial detainee, he suffered injuries to his back, legs, and hand when the Denver Sheriff's Department van in which he was being transported by the defendants Deputy Sheriff Kline and Deputy Sheriff John Doe was involved in an accident. He further alleges that the defendants were deliberately indifferent to his serious medical needs following the accident and, in fact, conspired to conceal the incident.

Mr. Hudson may not sue the Denver Sheriff's Department. The sheriff's department is not a separate entity from the City and County of Denver and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claim asserted against the sheriff's department must be considered as asserted against the City and County of Denver.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Hudson cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Case 1:06-cv-01946-LTB-BNB   Document 9   Filed 12/14/06   USDC Colorado   Page 3 of 6

Mr. Hudson must allege exactly what each defendant did to violate his constitutional rights. Personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976) **Id.** Plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Plaintiff may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

Plaintiff fails to allege any facts to support a claim pursuant to 42 U.S.C. § 1985. No facts are alleged which would support a claim under § 1985(1), which deals with preventing federal officers from holding office or discharging their duties. No facts are alleged which would support a claim under § 1985(2), which deals with obstructing justice and intimidating a party, witness, or juror. Under § 1985(3), the plaintiff must show: (1) a conspiracy; (2) to deprive the plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting from the conspiracy. **Griffin v. Breckenridge**, 403 U.S. 88,

3

102-03 (1971). Furthermore, § 1985(3) only applies to conspiracies motivated by some class-based invidiously discriminatory animus. **Tilton v. Richardson**, 6 F.3d 683, 686 (10th Cir. 1993). Mr. Hudson fails to allege that he has been subjected to any class-based invidiously discriminatory animus. Mr. Hudson also fails to allege any overt acts of conspiracy which are necessary to all § 1985 claims. Vague and conclusory allegations of a conspiracy are not sufficient when unsupported by a description of particular overt acts. **Benavidez v. Gunnell**, 722 F.2d 615, 618 (10th Cir. 1983). Accordingly, it is

ORDERED that Mr. Hudson file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the amended complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hudson, together with a copy of this order, two copies of the Court-approved form for filing a Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Hudson submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that if Mr. Hudson fails **within thirty days from the date of this order** to file an amended complaint that complies with this order to the Court's

satisfaction, the complaint and the action will be dismissed without further notice.

DATED December 14, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01946-BNB

Edward E. Hudson
Prisoner No. 125068
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 12/14/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk