IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01946-LTB-BNB

EDWARD HUDSON,

    Plaintiff,

v.

DEPUTY SHERIFF KLINE,
DEPUTY SHERIFF JOHN DOE, and
THE CITY AND COUNTY OF DENVER,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

On October 12, 2006, I granted the plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915* [Doc. # 5]. I informed the plaintiff that, although he is proceeding *in forma pauperis*, he is required to pay the full amount of the $350.00 filing fee regardless of the outcome of this action. Id. In accordance with Section 1915, I directed the plaintiff to make monthly payments of 20% of the preceding month's income credited to his trust fund account or show cause each month why he as no assets and no means by which to make the monthly payments. Id. I further directed the plaintiff that, in order to show cause, he must file a current certified copy of his trust fund account statement. Id. I cautioned the plaintiff that if he failed to submit the monthly payments or show cause as directed above, his Complaint would be dismissed without further notice. Id.

The plaintiff did not make the required monthly payment, nor did he show cause why he had no assets and no means by which to make the monthly payments for the months of February and March 2007. Consequently, I ordered the plaintiff to either the required monthly payments or show cause why he could not. In my order, I stated the following:

> It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause. Such a procedure unreasonably burdens the Court. Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.

*Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause* [Doc. #26, filed 4/5/07] (emphasis in original).

In addition, I cautioned the plaintiff that failure to comply with my order could result in dismissal of his case without further notice. Id.

In response to my show cause order, the plaintiff submitted an account statement for March 2007 which showed a balance of $12.40. *Plaintiff's Motion to Show Cause for non Payment in the Months of February and March of 2007 per Order* [Doc. #36, filed 4/17/07], p. 3. He did not submit a payment for March 2007, and he did not submit an account statement or a payment for February 2007.

On August 8, 2007, the plaintiff submitted a Prisoner Trust Fund Account Statement [Doc. # 47] which reflected that the preceding month's income credited to his account was $12.60. On September 14, 2007, the plaintiff submitted a Prisoner Trust Fund Account Statement [Doc. # 48] which reflected that the preceding month's income credited to his account

2

was $12.00. The plaintiff had not made the required monthly payment of $2.52 for the month of July and $2.40 from the month of August. Consequently, I ordered the plaintiff to either pay $4.92 into the court registry or show cause why he could not on or before October 23, 2007. *Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause* [Doc. #52, filed 10/3/07].

I again admonished the plaintiff that it is not acceptable for him to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause, and I ordered that, by the **15th day** of **each** month and without any further notice from or order of the Court, the plaintiff must either to make the required monthly payment for each preceding month or file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. I advised him that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. See Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments"). I cautioned the plaintiff that if he failed to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I would recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis*.

The plaintiff did not make the $4.92 payment for July and August 2007. On October 16, 2007, the plaintiff submitted a copy of his account statement for September 2007 which showed a

balance of $14.05.  *Motion to Show Cause for Non-Payment of Monthly Filing Fee as Per Order* [Doc. #53], p. 5.  He did not submit a payment for September.

On November 20, 2007 the plaintiff submitted a copy of his trust fund account statement for the month of October which shows a balance of $102.26.  *Plaintiffs* [sic] *Motion to Show Cause for Non Payment for November Per Order* [Doc. #55], p. 3.  He submitted a payment to the Court in the amount of $24.92.  *Money Order* [Doc. #54].

The plaintiff did not submit a copy of his trust fund account statement for the month of November.  He instead submitted a paper wherein he states the following:

> Due to the fact that Limon Correctional Facility is currently on lockdown, and prisoners [sic] access to the law library, money order requests and other documentation, conditions exist where the plaintiff is unable to comply with the order from the court.  Upon inquiry to officials at Limon, they were unable to present the information stating when the lockdown will be lifted.  Limon Correctional Facility has been on lockdown 3 times since September 2007.

*Motion to Show Cause for Non Payment for November 2007* [Doc. #56, filed December 17, 2007], p. 2.

The plaintiff did not specify the dates or lengths of time that the prison was on lockdown; he did not provide any facts to explain why "prisoners [sic] access to the law library" is relevant to his failure to pay; and he did not he provide any facts to explain why he could not have obtained and submitted a copy of his account statement during the period from December 1 through December 15, 2007.  Moreover, as of the date of this Order, the plaintiff has not submitted a payment for November or a copy of his trust fund account statement for the month of November.

4

In addition, the plaintiff has not submitted payment for the month of January. He submitted a copy of his account statement for the month of January which shows a balance of $103.08. *Plaintiff's Motion to Show Cause for Non - Payment for Jan. 08* [Doc. #61, filed 2/19/08], p. 5. He stated that he requested a money order from prison officials; the request was not processed; he submitted another request; and he "simply need[ed] more time for the second Money Order Request to be processed." Id. at p. 2. As of the date of this Order, he has not submitted a payment for the month of January. However, his account statement reflects that he spent $66.89 in canteen orders during the month of January.

On February 26, 2008, the plaintiff submitted a paper which states the following:

> Due to the fact that there is difficulty obtaining correct means to promptly pay the court, please attach my D.O.C. account of the monthly 20% I owe the court for the balance due for filing the 1983.

*Letter to the Clerk of the Court* [Doc. #64].

The plaintiff did not explain the nature of the "difficulty obtaining correct means to promptly pay the court." Indeed, the above paragraph is the sum total of his explanation. As of the date of this Order, the plaintiff has not submitted a copy of his account statement for the month of February, nor has he submitted any payment for the month of February.

In summary, despite repeated warnings that failure to pay or show cause may result in dismissal of this case, the plaintiff has failed to comply with several orders of this Court to make his monthly filing fee payments or show cause each month why he cannot. Accordingly,

I respectfully RECOMMEND that this action be DISMISSED WITHOUT PREJUDICE for repeated failure to comply with orders of this Court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 28, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge